**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>**HAKEEM NEUBY** | **CRIMINAL NO. 16-083** |

**MEMORANDUM OPINION**

**Rufe, J.** **November 24, 2026**

Before the Court are two pro se motions for a sentence reduction and release submitted by Defendant Hakeem Neuby—a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. In Defendant's § 3582(c)(1)(A) motion, he argues that he is entitled to compassionate release under §1B1.13(b)(1)(B)(i), (b)(1)(C), and (b)(6) of the Sentencing Guidelines because, according to him, he suffers from a serious medical condition that substantially diminishes his ability to provide self-care in a correctional facility, his medical condition requires long-term or specialized medical care that is not being provided, and he is serving an unusually long sentence and a change in law occurred that would produce a gross disparity between the sentence being served and the sentence likely to be imposed on the date he filed the motion. In Defendant's motion for a sentence reduction under § 3582(c)(2) and Amendment 821, he contends that his sentence should be reduced because he was sentenced under a guideline range that has subsequently been lowered. For the reasons explained herein, the Court will deny Defendant's motions.

## I. Background

On June 27, 2016, Defendant pleaded guilty to multiple felony counts, including conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, possession with intent to

distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] These charges arose from Defendant's involvement in distributing large quantities of cocaine base ("crack") and maintaining a drug trafficking operation.[2]

On January 11, 2019, pursuant to Defendant's plea agreement, the Court imposed a sentence of 168 months' imprisonment, four years' supervised release, a $400 special assessment, and forfeiture of $4,250 and two firearms.[3] Because this conviction constituted a violation of Defendant's supervised release from a previous federal conviction, he was separately sentenced to an additional consecutive term of 60 months' imprisonment, for a cumulative total of 228 months.[4] Defendant has now served over 13 years of his sentence and has approximately 22 months of good conduct credit.[5] His minimum release date is September 29, 2029.[6]

## II. Legal Standard

Generally, a court may not modify a term of imprisonment once imposed.[7] 18 U.S.C. § 3582 provides a limited exception to this rule, authorizing what is commonly referred to as "compassionate release."[8] The First Step Act of 2018[9] amended § 3582 to add a provision that allows a defendant to move for a reduction in sentence from a district court after exhausting the

[1] Gov't's Resp. Opp. Def.'s Mot. Reduce Sentence ("Gov't Opp.") 2 [Doc. No. 54].
[2] *Id.* at 1–2.
[3] J. Crim. Case [Doc. No. 47].
[4] Gov't Opp. 3.
[5] *See id.*
[6] *Id.*
[7] *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." (citation modified)).
[8] 18 U.S.C. § 3582(c)(1)(A); *see United States v. Georgiou*, No. 09-CR-088, 2021 WL 1122630, at *4 (E.D. Pa. Mar. 23, 2021).
[9] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

Bureau of Prison's ("BOP") administrative process.[10] Under that provision, a sentencing court may reduce a term of imprisonment only if four conditions are met:

> (1) the inmate must satisfy an administrative exhaustion requirement; (2) the court must find that extraordinary and compelling reasons warrant a reduction; (3) any reduction granted by the court must be consistent with any applicable policy statements issued by the Sentencing Commission; and (4) the proposed reduction must be consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a).[11]

The Supreme Court has made clear that "'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing."[12] Section 1B1.13(b) of the Sentencing Guidelines sets forth categories of "extraordinary and compelling reasons" that may justify compassionate release.[13] These reasons include the defendant's medical circumstances, age, family circumstances, experience as a victim of abuse, receipt of an unusually long sentence, and certain "other reasons."[14] However, "[r]ehabilitation of the defendant alone [may] not be considered an extraordinary and compelling reason" for a sentence reduction.[15] Still, rehabilitation "may be considered in combination with other circumstances" in making a compassionate release determination.[16] The defendant has the burden of demonstrating that he is entitled to a sentence reduction under § 3582.[17]

---

[10] *Id.*; *see Georgiou*, WL 1122630, at *5.
[11] *United States v. Ali*, 738 F. Supp. 3d 584, 588 (E.D. Pa. 2024) (quoting *Georgiou*, 2021 WL 1122630, at *5); *see* 18 U.S.C. § 3582(c)(1)(A).
[12] *Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026).
[13] U.S.S.G. §1B1.13(b).
[14] *Id.*
[15] 28 U.S.C. § 994(t).
[16] U.S.S.G. §1B1.13(d).
[17] *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## III. Discussion

### A. Defendant Has Not Satisfied the Requirements for Compassionate Release

#### 1. Defendant Has Exhausted His Administrative Remedies

As an initial matter, the Court finds that, by submitting a request for compassionate release to the warden on December 30, 2025, which was denied on January 5, 2026,[18] Defendant satisfied the administrative exhaustion requirement of § 3582(c)(1)(A). The government does not dispute that Defendant has satisfied the exhaustion requirement.[19] Defendant subsequently filed the instant motion on April 1, 2026.[20] Defendant has not previously filed a motion for sentence reduction under this statutory provision.

#### 2. Defendant Has Not Raised Extraordinary and Compelling Circumstances for Release

##### a. *Medical Circumstances*

Defendant argues that his medical conditions present extraordinary and compelling reasons for compassionate release.[21]

Section 1B1.13(b)(1) provides that "extraordinary and compelling reasons" for release based on medical circumstances exist when a defendant: (1) is suffering from a serious or deteriorating health condition, from which he is not expected to recover, that substantially diminishes his ability to provide self-care within a correctional facility; (2) is suffering from a medical condition that requires long-term or specialized medical care, without which he risks serious health deterioration or death, that is not being provided; or (3) is at increased risk of

---

[18] Gov't Opp. 6.
[19] *Id.*
[20] Def.'s Pro Se Mot. Sentence Reduction ("Mot.") [Doc. No. 52].
[21] *Id.* 4–5.

suffering severe medical complications or death due to exposure to an ongoing public health emergency.[22]

Defendant's medical records reflect a history of sarcoidosis, major depression, schizophrenia, and prediabetes.[23] Defendant's records do not reveal significant issues or untreated symptoms related to these conditions. Defendant has also been diagnosed with cervical spine stenosis, myelomalacia, and degenerative disc disease.[24] On December 13, 2024, a neurologist characterized Defendant's onset of symptoms related to cervical spine stenosis and myelomalacia as "acute" and noted no evidence of ongoing damage.[25] At a follow-up appointment on May 15, 2025, Defendant reported no tremors or symptom flare-ups and was able to ambulate without assistance.[26]

Defendant's medical conditions do not constitute extraordinary and compelling circumstances warranting compassionate release. His medical records show that he has repeatedly reported having no significant mobility limitations and has demonstrated no consistent numbness, detectable weakness, atrophy, or other symptoms indicative of a serious medical condition.[27] Defendant has made no showing that his diagnoses substantially diminish his ability to provide self-care within the correctional environment or that he is suffering from a condition from which he is not expected to recover. He also has not demonstrated that he suffers from a medical condition requiring long-term or specialized medical care that is unavailable through the BOP. Defendant is not currently prescribed any medication,[28] and his medical records reflect that the BOP has remained attentive to his healthcare needs by providing ongoing

[22] U.S.S.G. §1B1.13(b)(1).
[23] Mot. 20.
[24] *Id.* at 29, 33.
[25] *Id.* at 29.
[26] *Id.* at 28.
[27] *Id.* at 22, 28–29.
[28] Gov't Opp. 7.

evaluation and treatment as appropriate.[29] For these reasons, Defendant has failed to establish that his medical conditions rise to the level of extraordinary and compelling circumstances.

b. *Unusually Long Sentence and Change in Law*

Defendant also contends that he is serving an unusually long sentence and that intervening changes in the law warrant compassionate release under §1B1.13(b)(6).[30]

Pursuant to §1B1.13(b)(6), extraordinary and compelling circumstances are present where, "after full consideration of the defendant's individualized circumstances," the court determines that the defendant (1) "received an unusually long sentence"; (2) "served at least 10 years of the term of imprisonment"; (3) "a change in law occurred"[31]; and (4) the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[32]

Defendant pleaded guilty to multiple felony offenses, including conspiracy and possession with intent to distribute cocaine base and possession of a firearm by a convicted felon and in furtherance of a drug trafficking crime.[33] Defendant's guideline sentencing range was 322 to 387 months' imprisonment.[34] Ultimately, the Court imposed a non-guideline sentence of 168 months' imprisonment, and a consecutive 60-month prison sentence was added separately due to Defendant's supervised release violation, for a cumulative term of 228 months' imprisonment.[35] This term is significantly below the initial advisory guideline range and, given the offenses to which Defendant pleaded guilty, cannot be considered "an unusually long sentence."

---

[29] *See* Mot. 19–43.
[30] *Id.* at 5.
[31] An "amendment to the Guidelines Manual that has not been made retroactive" does not qualify as a change in law. U.S.S.G. §1B1.13(b)(6).
[32] *Id.*
[33] Gov't Opp. 2.
[34] *Id.* at 2–3.
[35] *Id.*; J. Crim. Case.

Furthermore, the government challenges the specificity of Defendant's claim, arguing that he fails to identify the legal changes on which he relies.[36] The Court agrees. Although Defendant has served more than ten years of his sentence, he does not identify any change in law that purportedly affects his sentence. Accordingly, Defendant has failed to establish the presence of extraordinary and compelling circumstances on the basis of an unusually long sentence and an intervening change in the law. Therefore, Defendant has not met his burden of demonstrating entitlement to compassionate release.

3. The § 3553(a) Factors Counsel Against a Sentence Reduction

Even if Defendant had presented extraordinary and compelling circumstances, the Court would separately consider whether he poses a danger to the community under 18 U.S.C. § 3142(g)[37] and whether the factors in 18 U.S.C. § 3553(a) favor a sentence reduction.[38] The § 3553(a) factors include "'the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as 'the need for the sentence imposed' to serve the four overarching aims of sentencing"—namely, "just punishment, deterrence, protection of the public, and rehabilitation."[39]

To support his motion, Defendant contends that he has been clear of misconduct, completed all programs available to him, maintained employment, and paid in full all fines and

---

[36] Gov't Opp. 6–7, 12.

[37] The Sentencing Guidelines provide that a court may grant a sentence reduction only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. §1B1.13(a)(2). Under § 3142(g), courts consider (1) "the nature and circumstances of the offense"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources . . . community ties, past conduct, history relating to drug or alcohol abuse, . . . [and] criminal history"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

[38] U.S.S.G. §1B1.13(a); *see United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

[39] *Dean v. United States*, 581 U.S. 62, 67 (2017) (quoting 18 U.S.C. § 3553(a)).

court costs.[40] In its opposition to Defendant's motion, the government provides a detailed criminal history reflecting nearly thirty years of illegal activity by Defendant.[41] Defendant's first conviction arose from a shooting incident and his subsequent attempt to evade police custody.[42] While on probation for these charges, he was arrested for aggravated assault of a police officer and was sentenced to a term of two to four years' imprisonment.[43] Shortly after completing that sentence, Defendant was involved in a shooting, for which he was convicted of possession of a firearm by a convicted felon and ultimately sentenced to 110 months' imprisonment followed by three years of supervised release.[44]

The § 3553(a) factors do not favor a sentence reduction for Defendant. The nature and circumstances of the offense in this case are serious, with Defendant maintaining a large drug trafficking operation and engaging in yet further firearm offenses after a lengthy history of gun crime. Furthermore, Defendant's history and characteristics involve an extensive criminal record. After three felony convictions, including for crimes of violence, Defendant was arrested and convicted again—now in federal court—for a firearm offense involving an apparent gun battle. Then, while on supervised release after receiving a substantial sentence reduction, Defendant once again engaged in a firearm offense, this time in furtherance of significant drug trafficking crimes. Nevertheless, the Court ultimately imposed a sentence well below the advisory guideline range. These factors and history demonstrate that the sentence imposed was necessary to reflect the seriousness of the offense and provide just punishment, promote respect for the law, establish adequate deterrence, and protect the public. For the same reasons, at least at this time, Defendant

---

[40] Mot. 8.
[41] Gov't Opp. 4-5.
[42] *Id.* at 4.
[43] *Id.*
[44] *Id.* at 4–5.

appears to pose a danger to the community. Therefore, while the Court encourages Defendant to continue his admirable efforts toward rehabilitation, the § 3553(a) factors and § 3142(g) assessment nonetheless counsel against a sentence reduction.

**B. Relief Based Upon 18 U.S.C. § 3582(c)(2) and Amendment 821 is Unavailable**

Lastly, the Court must determine whether Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, as Defendant submitted a separate letter requesting such relief.[45]

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[46]

To ascertain whether a sentence reduction under § 3582(c)(2) is warranted, the applicable policy statement, §1B1.10 of the Sentencing Guidelines, requires that courts first "determine the amended guideline range that would have been applicable to the defendant if the [covered] amendment(s) . . . had been in effect at the time the defendant was sentenced."[47] Under §1B1.10, Part A of Amendment 821, which amended §4A1.1 of the Sentencing Guidelines, is a covered provision that may be applied retroactively pursuant to § 3582(c)(2).[48] However, except in certain exceptional circumstances, courts are precluded from reducing a sentence "to a term that is less than the minimum of the amended guideline range."[49] As a final step, "§ 3582(c)(2)

---

[45] Def.'s Pro Se Mot. Reduce Sentence 1 [Doc. No. 50].
[46] 18 U.S.C. § 3582(c)(2).
[47] U.S.S.G. §1B1.10(b)(1).
[48] *Id.* §1B1.10(d).
[49] *Id.* §1B1.10(b)(2)(A).

instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case."[50]

At sentencing, pursuant to §4A1.1, Defendant received fourteen criminal history points for his prior convictions and two status points for his supervised release status, for a total score of sixteen and placement in Criminal History Category VI.[51] When Defendant was sentenced, before Amendment 821 was promulgated, §4A1.1 stated: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[52] Because Defendant was on supervised release when he committed the offense, he received two status points.

However, Amendment 821 changed the number of status points Defendant would have received under §4A1.1. The amendment removed §4A1.1's status points provision and replaced it with the following: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[53] As such, if Defendant were sentenced under the current, amended guidelines, he would have received one status point instead of two, for a total score of fifteen rather than sixteen. But a score of fifteen would still have placed Defendant in Category VI, as that category applies to defendants with any criminal history point total above thirteen.[54]

---

[50] *Dillon*, 560 U.S. at 827; *see* 18 U.S.C. § 3582(c)(2).
[51] Gov't's Resp. Def.'s Pro Se Mot. Reduction Sentence 6 [Doc. No. 51].
[52] U.S.S.G. §4A1.1(d) (2021) (amended 2023).
[53] U.S.S.G. §4A1.1(e).
[54] *Id.* §5A1.1.

Accordingly, Amendment 821 did not lower Defendant's sentencing range. Indeed, Defendant already received a sentence below the advisory guidelines range. Moreover, for the reasons discussed above, the § 3553(a) factors counsel against any sentence reduction. Therefore, § 3582(c)(2) does not call for a sentence reduction, and no such reduction will be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motions for a sentence reduction and release will be denied. An order will be entered.